## Wilson Brothers v. Fields, Inc.

*Sale — Sales in bulk — Notice to creditors—Time—Speaking demurrer— Act of May 23, 1919.*

1. The limitation in the Sales in Bulk Act of May 23, 1919, P. L. 262, of ninety days within which suit must be brought after the sale, begins to run from the time at which the creditor has notice of the sale, and not from the date of the sale.

2. In an action under the Act of May 23, 1919, by a creditor against the purchaser of goods in bulk for a debt due by the seller to the plaintiff, an affidavit of defence which does not admit plaintiff's statement as to the date of the sale, but sets up a different date, raises an issue of fact and not a question of law, and, therefore, is bad as a demurrer.

Statutory demurrer. C. P. Luzerne Co., May T., 1921, No. 876.

*Jenkins & Turner*, for plaintiff; *Harry Coplan*, for defendant.

WOODWARD, J.—The statement in this case shows an action of *assumpsit* against Fields, Inc., for $65.50, on account of goods sold and delivered by the plaintiff to the Brownstone Company.

The statement alleges that on Dec. 7, 1920, the Brownstone Company sold its property in bulk to the defendant, Fields, Inc., and that the defendant did

not, before paying the vendor, require of the Brownstone Company a sworn written statement of the names and addresses of all the creditors of the Brownstone Company, as required by the Act of May 23, 1919, P. L. 262, and that the defendant did not, at least ten days before the completion of the purchase, notify the plaintiff, creditors of the Brownstone Company, either personally or by registered mail, of the proposed sale, the prices to be paid or the time set for the sale of the property, and the terms and conditions thereof, with a statement of the creditors of the Brownstone Company, as required by said act, and that, therefore, the defendant, Fields, Inc., is liable to the plaintiff for the amount of the claim.

The affidavit of defence raises a question of law, in lieu of demurrer, that the suit was not brought within ninety days after the consummation of the sale, as required by the Sales in Bulk Act.

That the sale from Brownstone Company to Fields, Inc., was consummated before Dec. 5, 1920, being on or about Dec. 1, 1920, and as this action was instituted March 5, 1921, by the plaintiff, more than ninety days had expired and that the plaintiff is barred by the limitation in the act.

We think the defendant has put a wrong interpretation upon section 25 of the Practice Act of 1915, which reads as follows: "The defendant in the affidavit of defence may raise any question of law without answering the averments of fact in the statement of claim, etc."

One of the facts averred in the statement of claim is that the Brownstone Company sold its property to the defendant, Fields, Inc., on Dec. 7, 1920. The affidavit of defence avers that the sale did not take place on Dec. 7, 1920, but on or about Dec. 1, 1920. This raises an issue of fact, not a question of law. A demurrer admits the facts alleged in the statement, but avers that they are not sufficient to warrant a judgment. But this affidavit of defence does not admit the truth of the averment in the plaintiff's statement, but denies the same and sets up another date as the date of the sale.

It is, therefore, bad as a demurrer or as an affidavit of defence raising a question of law. It is an affidavit of defence on the merits, because it raises an issue of fact as to the date of sale, which must be decided by the testimony at the trial.

But it is not sufficient as an affidavit of defence on the merits, because it does not state definitely the day on which the sale was consummated, but says that it was on or about Dec. 1, 1920.

We cannot decide a question of law raised by the defendant in its affidavit, because no legal question is properly raised. As an affidavit on the merits we decide that it is insufficient, in that it is too indefinite as to the date of sale.

Nor do we think that the limitation of ninety days, provided in the act within which suit must be brought, applies to a creditor who has not had notice of the sale in bulk, but that the limitation begins to run from the date when the creditor has notice, otherwise it would put a premium on a violation of the act requiring notice, for if a creditor at a distant point, as in this case, received no notice he would be concluded after ninety days had passed and the debtor escape entirely. The purpose of the act, as we view it, was to benefit creditors, not to protect purchasers in bulk who violated its provisions.

Rule will be made absolute unless a sufficient supplemental affidavit of defence be filed within fifteen days.

From F. P. Slattery, Wilkes-Barre, Pa.

NOTE.—See Fibre Yarn Co., Inc., *v.* Tiberio; Saracenyi, Garnishee, 1 D. & C. 645.
1 D. & C.